### GRIMES *v.* OSTERHOUDT *et al.*

*(Supreme Court, General Term, Fifth Department.* October, 1888.)

PAYMENT—VOLUNTARY PAYMENT—PARTNERSHIP—ACCOUNTING.

An agreement by indorsers (copartners) with the holder of notes that the latter should try to collect them from the makers, and on his failure to collect the indorsers would pay, does not alter the rights of the parties, nor suspend the operation of the statute of limitations; and the payment of the balance uncollected by the executors of one of the partners, after the expiration of the statutory period, is a voluntary payment, and not a charge against the other partner, especially where the statutory period had also elapsed since the last attempt to collect from the makers.

Appeal from a judgment in favor of plaintiff on report of referee, in an action for an accounting and settlement of partnership accounts by James H. Grimes against Mary A. Osterhoudt and others, executors of Samuel Osterhoudt.

*J. R. Jewell,* for appellants.    *Charles Cary,* for respondent.

DWIGHT, J.    The action is between the successor in interest of one copartner and the personal representatives of the other for an accounting and settlement of the partnership accounts.    The copartners were William Grimes, who died in January, 1877, and Samuel Osterhoudt, who died in November, 1884.    In April, 1875, the firm became the owner of certain notes, amounting in the aggregate to $2,800, which it indorsed and presented to be discounted by the First National Bank of Olean.    The notes all became due on or before January 26, 1876, were not paid by the makers, and were duly protested for non-payment.    The referee finds that, soon after the liability of the indorsers thus became fixed, Osterhoudt, for the firm, agreed with the bank that the latter should put the notes in the hands of its attorney for collection, if possible, from the makers; "and, upon its failure to collect from the makers, the said Osterhoudt & Grimes would pay the said notes."    The notes were accordingly put in judgment against the makers; and on or before January 8, 1876, $700 was collected thereon by the bank, and applied in reduction of the amount due.    No further sum was ever collected thereon from the makers; and on or about the 10th day of April, 1886, the bank demanded payment of the balance from the defendants, executors of Osterhoudt, and on that day the defendants paid to the bank the sum of $3,000, in full of the amounts remaining due on the notes, with interest.    The referee also finds that the firm was at all times solvent, and able to pay all its liabilities, from the time the notes fell due until its dissolution; and that each of the partners during his life, and his estate after his death, was solvent, and able to pay all his liabilities.    On the accounting the defendants claimed to charge the plaintiff with one-half of the $3,000 so paid on the notes; and this contention presents the only question made on this appeal.    On that question the referee finds, as a conclusion of law, "that the defendants are not entitled to be credited with the payment of the said sum of $3,000, paid by them to the First National Bank of Olean, for the reason that the claim of the bank against the firm of Osterhoudt & Grimes, and against Samuel Osterhoudt, as surviving partner of the firm, was barred by the statute of limitations before the time of such payment; more than ten years having elapsed since the notes became due, and since they were indorsed by Osterhoudt & Grimes, and since any payment had been made thereupon by said firm, or either member thereof, and more than eight years having elapsed since the bank should

have ascertained that it was impossible to collect any further sum from the makers of the notes, and since it did in fact collect anything from them; and the payment so made by said executors was a voluntary payment, with which this plaintiff cannot be charged." We have no doubt that the referee was entirely right in this conclusion. It is not contended by counsel for the appellant that if the claim of the bank was barred by the statute, and the payment by the defendants voluntary, the plaintiff can be charged with any part of such payment. The contention of the appellants seems to be based wholly upon the agreement of Osterhoudt & Grimes with the bank, which is stated above as found by the referee. But clearly this agreement was of no effect upon the rights of either of the parties. The bank did not relinquish or suspend for a moment its right to collect the notes of the indorsers, because there was no consideration for its agreement to do so. The indorsers assumed no new or added liability by the agreement on their part. They only agreed to pay the notes if, or so far as, they could not be collected from the makers; and this was not more, but less, than they were held to do by their contract of indorsement. The bank was therefore at liberty at any moment to retract its consent to delay, and proceed at once to enforce the collection of the notes against them. The agreement could not operate in any manner as an estoppel, because there was no representation of fact by the indorsers which could mislead or influence the conduct of the creditor. But even if there had been a consideration to support the agreement by the bank to delay action against the indorsers, the delay was to continue only until the attempt should be made to collect of the makers. Lawton, the cashier, with whom the talk was had, testifies "the substance of it was, we were to collect of the makers if possible, and, failing in that, the indorsers agreed to pay the bank." The attempt to collect of the makers ended in January, 1876, when the last payment was received from them. The allowance by the referee of two years after that time for the bank officers to make up their minds whether they should proceed further with that attempt was a liberal one, and more than 10 years had elapsed when the payment was made by the defendants. It was clearly a voluntary payment of a claim barred by the statute of limitations, and no part of it can be charged to the plaintiff. The judgment must be affirmed, with costs. All concur.